IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SMITH,<br>INMATE NO. 693147,<br>    Plaintiff,<br><br>v.<br><br>DALE HERNDON and<br>UNNAMED DEPARTMENT OF<br>CORRECTIONS OFFICIALS,<br>    Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br>CIVIL ACTION NO.<br>1:08-CV-0944-MHS |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific

misconduct against IRS agent); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.  <u>Discussion</u>

Plaintiff states that on December 5, 2007, while held at the Walker State Prison, he was attacked by six inmates. (Doc. 1 at ¶ IV). As a result of the attack, Plaintiff alleges he has a disfigured jaw and missing teeth. (<u>Id.</u>).

Plaintiff complains that prison officials were not present when he was attacked. (<u>Id.</u>). Allegedly, another inmate called for help, and Sergeant Huff and Officer Jones arrived "minutes later" to break up the fight. (<u>Id.</u>). Plaintiff was then taken to the hospital for surgery. (<u>Id.</u>).

Plaintiff alleges that he filed a grievance. (<u>Id.</u>). Plaintiff received a response which informed him that his grievance was being sent to Atlanta for further investigation. (<u>Id.</u>). Plaintiff did not sign the response because it also stated: "Complaint Resolved." (<u>Id.</u>). Plaintiff does not state whether the grievance was ultimately sent to Atlanta, or if he received a response. Plaintiff was later transferred to the Dodge State Prison. (<u>Id.</u>).

Plaintiff contends that the failure to have prison officials present during the time he was attacked constitutes negligence and cruel and unusual punishment.

3

(Id.). Plaintiff seeks money damages and unspecified injunctive relief. (Id. at ¶ V).

Not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) ("Merely negligent failure to protect an inmate from attack does not justify liability under section 1983."). An inmate's Eighth Amendment rights are violated when prison officials act with deliberate indifference with regard to an inmate's safety. Farmer, 511 U.S. at 828. A prison official violates this standard when two conditions are met. First, the alleged deprivation must, viewed objectively, be considered sufficiently serious. Id. at 834. Second, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("a generalized awareness of risk . . . does not satisfy the subjective awareness requirement" ).

In the instant civil action, Plaintiff does not allege that any prison official was subjectively aware that he may be attacked by other inmates. Absent such

4

allegations, the prison officials' alleged failure to be present at the moment Plaintiff was attacked neither "constituted deliberate indifference" nor "rendered his confinement cruel or unusual." Brown, 894 F.2d at 1537. Accordingly, this civil rights action should be dismissed.[1]

III.  Conclusion

**IT IS ORDERED** that the instant civil rights action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 10 day of April, 2008.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff may not have exhausted his available administrative remedies, the Prisoner Litigation Reform Act permits a district court to summarily dismiss a prisoner's complaint "without first requiring the exhaustion of administrative remedies." 42 U.S.C. §1997e(c)(2).

5